UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRIAN HAGEN, an individual

Plaintiff,

v.

RESPONSIBLE MEDICAL SOLUTIONS CORP., a California Corporation

Defendant.

Case No.: 25-cv-02189-GPC-BLM

**ORDER DENYING JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE AND REQUEST FOR ORDER RETAINING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT**

On September 8, 2026, the parties filed a joint stipulation for dismissal with prejudice and request for order retaining jurisdiction to enforce settlement agreement. (Dkt. No. 18.)

"[A] federal court may retain jurisdiction over a settlement agreement where the court's order of dismissal incorporates the terms of the settlement agreement, or the order of dismissal explicitly states that the court retains jurisdiction over the

settlement." *Gonzalez v. United States*, No. 16-cv-1792-MMA (KSC), 2017 WL 1094074, at *6 (S.D. Cal. Mar. 23, 2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). "[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding upon the court." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996). Courts usually decline generic requests to retain jurisdiction; rather, the parties must show good cause for the Court to retain jurisdiction. *Lopez v. AT&T Mobility Servs., LLC*, Case No. 1:20-cv-01219-SAB, 2024 WL 21537, at *1 (E.D. Ca. Jan. 2, 2024).

Here, the parties make a generic request for the Court retain jurisdiction to enforce the terms of the settlement agreement and fail to provide good cause for the Court to retain jurisdiction after dismissal for "mere performance of the finalized settlement agreement." *See id.* Accordingly, the Court DENIES the joint stipulation for dismissal and request for order retaining jurisdiction to enforce settlement agreement. *See Valencia v. Nissan N. Am., Inc.*, No. 1:25-CV-00989-JLT-SAB, 2025 WL 3776640, at *1 (E.D. Cal. Dec. 31, 2025) ("absent a specific request and showing of good cause, the Court generally declines generic requests to retain jurisdiction following dismissal."). The parties shall file an amended

/ / /

/ / /

stipulation and dismissal providing good cause why the Court should retain jurisdiction over the settlement agreement on or before **September 15, 2026**.

IT IS SO ORDERED.

Dated: September 8, 2026

Hon. Gonzalo P. Curiel
United States District Judge